HERCULES POWDER COMPANY *v.* CALCOTE.

(Division B. Jan. 4, 1932.)

[138 So. 583. No. 29610.]

**Hannah & Simrall,** of Hattiesburg, for appellant.

Flowers, Brown & Hester, of Jackson, and **Brewer & Brewer**, of Clarksdale, for appellee.

864

Argued orally by **James Simrall**, for appellant, and by **Ed Brewer**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The Roundaway Company was desirous of having some stumps blasted on a farm operated by it, and on February 19, 1929, an order was given to the Delta Hardware & Implement Company for two hundred fifty pounds dynamite, one hundred blasting caps, and two hundred feet safety fuse, the latter being described in the order as "Clover Fuse." This order was thereupon placed with and filled by appellant, Hercules Powder Company, from its Memphis headquarters, the shipment being made direct to the Roundaway Company. The shipment when received, which was in due course of time, was stored in a cotton house, on the plantation where the blasting was to be done. On March 11, 1929, appellee, who had been employed to do this blasting work, went

to the said cotton house and took said explosives there-from. He examined same; particularly the fuse, which he describes as having all the appearance of being "brand new" and as being in as good condition as any he had ever used. Appellee was a dynamite blaster of long and varied experience, extending through a period of seventeen years. He not only examined said fuse in matter of ocular inspection, but he also cut a piece of it and fired it, and saw that it burned in the ordinary and proper manner. He then blasted two or three stumps, and the appliances worked as was expected and according to the usual course of experience in such work.

However, when appellee went to what he calls the third stump, and which had been prepared by him in due course for the blasting of that stump, and when he applied the fire to the end of the safety fuse, there was an instantaneous explosion, as a result of which appellee suffered serious and permanent injuries.

It is shown by the testimony, and there is no dispute upon the two following facts: Appellant was the manufacturer of the dynamite and of the caps; but appellant was not the manufacturer of the fuse. This Clover fuse was manufactured by an independent manufacturer at Simsburg, Conn., which manufacturer was shown not only to be reliable, but so much so that all the manufacturers of, and dealers in, explosives east of the Rocky Mountains used this fuse, manufactured by this Connecticut concern, and relied upon it exclusively for the furnishing of that part of the blasting equipment. In the third place, there is no testimony in this record which would show beyond that which is purely conjectural that either the caps or the dynamite was at fault in this case. And, since conjecture will not support any verdict in any case, the dynamite and caps must be excluded from further part herein, leaving only the fuse to be considered.

Since the undisputed fact is that appellant did not

manufacture said fuse, it is not liable, as the seller thereof, for an injury resulting from a defect therein, in the absence of negligence on its part. The proof is undisputed that there is no way, outside of the factory of the maker, to determine upon an ocular inspection of this fuse whether it was or was not defective. Appellee who was of long experience recognized this fact, and himself made the test or experiment upon this issue; and, before beginning to use the fuse, he cut off a piece of it, and fired it, as a result of which he found it good. What more could the seller itself have done?

But it is argued by appellee that appellant was in the exclusive business of manufacturing and dealing in explosives, that it therefore held itself out as an expert on that subject, and that all persons dealing with or using anything coming from its hands had a right to rely on the safety of any of the articles which appellant manufactured or sold. The argument contended for by appellee, to strip it of all frills, is that a seller of explosives is liable in any event for any defect therein. No case so holding is cited by appellee, and we find none such on our own research. Appellee argues, too, that since dynamite, caps, and fuse form an essential combination for blasting work, he who manufactures the dynamite and the caps should be held to the responsibility of a manufacturer as to the third element in the combination, that is, as to the fuse; but no case is shown us which so holds, and we fail to see a dependable reason for this asserted innovation upon the rule as to a seller's liability. We are not here concerned with the rule in respect to the manufacturer of explosives, and express no opinion on that subject.

Finally, the case is sought to be sustained upon the fact that in the box wherein the caps and the fuse were packed there was found the following certificate: "The contents of this case have been inspected and were in good condition when packed. Hercules Powder Company."

It is argued that this is a warranty of absolute safety, and the fact that a portion of one of the coils of fuse fired instantaneously is of itself the proof of a breach of that warranty. There is no such language in the certificate. It certifies only that the contents of the case were inspected and were then in good condition, which means that, so far as an inspection could reveal, the condition was good. As already said, the testimony is undisputed in this case that, outside the factory of the manufacturer of safety fuse, there is no way of telling whether the fuse is safe—the only method is to actually test it by burning it, and that was what appellee himself did before he began work. Appellant could have done no more. Appellee's case therefore gets back to the bare proposition that he was injured; that he was proceeding in due care; that therefore somebody ought to be liable to him; and that the person so liable must be this appellant, there being none other conveniently available who may be held. The case arouses a sympathetic interest, but we think there is no proved liability as against the appellant here. Lampton v. Atkins, 129 Miss. 660, 92 So. 638; Wheeler v. Laurel Bottle Works, 111 Miss. 442, 71 So. 743, L. R. A. 1916E, 1074; Mobile & O. R. Co. v. Clay, 156 Miss. 463, 125 So. 819.

Reversed, and judgment here for appellant.